```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

JAMES L. FREDERICK,

                    Plaintiff,

vs.                                   Case No.  2:12-cv-325-FtM-29DNF

FLORIDA     DEPARTMENT     OF
CORRECTIONS,    GLORIA    IVINES,
Educational  Supervisor, MANUAEL
MARTINEZ,   JR.,   Correctional
Officer,  and  RANDALL   SMITH,
Educational Teacher,

                    Defendants.
_____
```

**ORDER**

This matter comes before the Court upon periodic review of the file and Defendants' Response to the Court's Order to Show Cause (Doc. #13, Response).  On June 18, 2012, Defendants removed the above-captioned action from the Twentieth Judicial Circuit Court, DeSoto County, to this Court.  See Notice of Removal (Doc. #1).  Upon review, the Magistrate Judge, finding the averred basis of jurisdiction deficient, issued a Show Cause Order (Doc. #9), directing Defendants to show cause why this action should not be remanded back to the State Court.  Upon review of the file and the Response and based upon controlling law, the Court will remand this action back to the State Court.

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action, unless Congress expressly provides otherwise.  28 U.S.C. § 1441(a); Darden

v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000).  Here, Defendants seek removal based upon 28 U.S.C. § 1441(a) and § 1331.  Notice of Removal at 1, ¶1.  A cause of action "arises under" federal law pursuant to § 1331 only when plaintiff's well-pleaded complaint raises issues of federal law.

> We have long held that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)

Rivet v. Regions Bank of La., 522 U.S. 470, 474-75 (1998).  "A removing defendant bears the burden of proving proper federal jurisdiction."  Adventure Outdoors, Inc. V. Bloomberg, 552 F. 3d 1290, 1294 (11th Cir. 2008)(quoting Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002)).  To determine whether removal is proper, the Court looks to the well-pled allegations of the Complaint at the time of removal to determine whether the case arises under federal law.  Id.  "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action."  Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  In fact, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  Id. (internal citations omitted).  Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  See Shamrock

Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). Consequently, any doubts as to whether federal jurisdiction properly lies should be resolved in favor of remand to the state court. Adventure Outdoors, Inc., 552 F.3d at 1294; see also University of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410-11 (11th Cir. 1999).

At the outset, Plaintiff did not file a "Complaint" in state court.[1] Instead, Plaintiff filed a pleading entitled "Motion for Declaratory Judgement" (Doc. #2, "Pleading"). No federal question appears on the face of the Pleading and the Pleading is devoid of any citation or reference to any federal authority, including 42 U.S.C. § 1983. See generally Pleading. Indeed, after removal, Defendants filed a Motion for a More Definite Statement" (Doc. #7) pursuant to Fed. R. Civ. P. 12(e), claiming they were "unable to frame an appropriate response or denial at this time" to the Pleading. Motion at 2, ¶6. Consequently, the Court does not find that the Pleading establishes a federal question under the "well pleaded complaint rule." Caterpillar Inc. v. Williams, 482 U.S. at 392. To the extent that Defendants required clarification of the basis of Plaintiff's action, Defendants should have sought clarification in the state court, not after removal from this Court.

---

[1] An action is commenced in federal court by the filing of a complaint. Fed. R. Civ. P. 3.

To the extent discernable, Plaintiff seeks a declaration that he has a protected interest in his employment as a certified law clerk with the Department of Corrections; such that, he was entitled to due process prior to being terminated from the position. See generally id. Admittedly Plaintiff states that he is "challenging the constitutionality of [the officials']" actions for not adhering to the dictates of "Chapter 33-501.301." Id. at 9. However, considering the totality of the pleading, the Court construes the reference to the Florida constitution and not the United States Constitution. Especially, because whether Plaintiff has a property interest in his employment or his position as a certified law clerk is "defined by existing rules or understandings that stem from an independent source, such as state law," not federal law. McRae v. Douglas, 644 So.2d 1368, 1372 (Fla. 5th DCA 1994)(internal quotations and citations omitted); see also Depaola v. Town of Davie, 872 So.2d 377, 379 (Fla. 4th DCA 2005).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Pursuant to 28 U.S.C. § 1447(c), this case is *sua sponte* remanded to state court.

2. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for DeSoto County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3.  The Clerk is further **directed** to close this case and terminate all previously scheduled deadlines and pending motions as **moot**.

**DONE AND ORDERED** at Fort Myers, Florida, on this __13th__ day of November, 2012.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record